UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO: 3:23-cv-155

MARK BARBER,

    Plaintiff,

v.

KRAFT HEINZ FOODS COMPANY (LLC),

    Defendant.
_____/

## COMPLAINT

Plaintiff, MARK BARBER, by and through his undersigned attorneys, sues Defendant, KRAFT HEINZ FOODS COMPANY (LLC), and alleges as follows:

1. Plaintiff, MARK BARBER ("BARBER"), brings this action for retaliation pursuant to the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et. seq. ("FMLA") and Florida's Workers Compensation Retaliation Law, Florida Statutes, § 440.205 as well as for disability discrimination under the Florida Civil Rights Act ("FCRA") and the Americans with Disabilities Act ("ADA") and Americans with Disabilities Amendments Act.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Venue properly lies in Duval County pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## PARTIES

3. Plaintiff is *sui juris* and, at all times materials hereto, has been a resident of Duval County, Florida.

1

4. Defendant is a foreign limited liability company that conducts business in Duval County, Florida, within the jurisdiction of the Court.

5. At all times material hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce and it employed 50 or more employees for each working day during each of twenty (20) or more calendar workweeks during the relevant periods of time.

6. Plaintiff worked at a location of the Defendant where Defendant employed fifty (50) or more employees within seventy-five (75) miles.

7. Plaintiff was an employee of Defendant entitled to leave under the FMLA, because he was employed by Defendant for at least twelve (12) months and worked at least 1,250 hours during the relevant twelve (12) month period prior to him seeking to exercise his rights to FMLA leave.

8. At all times material hereto, the Defendant acted through its agents, servants, representatives, and/or employees.

9. Plaintiff was an employee of the Defendant as that term is defined under the FCRA and the ADA.

10. Defendant was Plaintiff's employer as that term is defined under the FCRA and the ADA.

11. At all times material hereto, the Defendant has employed more than fifteen (15) persons for the requisite period of time and, therefore, was and is an "employer" as that term is defined in Florida Statute section 760.02(7) and the ADA.

12. At all times material hereto, the Plaintiff has been a "qualified individual" under the ADA since he can perform the primary duties of the job with or without an accommodation. *See* 42 U.S.C. § 12111(8).

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

13. The Plaintiff is covered by the ADA because he is an individual who:

(a) Has a physical impairment that substantially limits one or more of his major life activities or bodily functions;

(b) Has a record of physical impairment that substantially limits one or more of his major life activities or bodily functions; and/or

(c) Was regarded as having a physical impairment that substantially limits one or more of his major life activities or bodily functions.

## CONDITIONS PRECEDENT

14. On approximately June 16, 2022, the Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR"), a copy of which is attached hereto as **Exhibit "A,"** alleging that Defendant subjected him to disability discrimination in violation of the ADA and the FCRA.

15. On February 7, 2023, the EEOC issued to Plaintiff a Notice of Right to Sue, a copy of which is attached hereto as **Exhibit "B."**

16. The Plaintiff has fulfilled all conditions precedent and administrative prerequisites of the applicable law prior to filing this Complaint.

## FACTUAL ALLEGATIONS

17. The Plaintiff was hired by the Defendant in approximately 2000 to work for its Maxwell House Brand in Jacksonville, Florida.

18. The Plaintiff was regarded by the Defendant as a satisfactory employees as illustrated, in part, by his long tenure with the company.

19. In 2021, the Plaintiff sustained a workplace injury to his ankle while performing his job duties for the Defendant.

20. In connection therewith, the Plaintiff received workers' compensation benefits and took FMLA leave.

21. Shortly thereafter, the Plaintiff was cleared to return to work with light duty restrictions.

22. Upon his return to work, the Defendant transferred the Plaintiff to a new job position with job duties that required him to be on his feet exceedingly more than his previous job position in violation of his light duty restrictions.

23. The Plaintiff pled with the Defendant to return to his previous job position and produced doctor's documentation to support his return to that position. Although the Defendant ultimately acquiesced to the Plaintiff's request, it was clear it would not be without repercussions for the Plaintiff.

24. Immediately thereafter, the Defendant suddenly claimed that, after 21 years of employment, the Plaintiff's job performance and conduct were unsatisfactory and issued him unwarranted disciplinary action.

25. For instance, the Defendant accused the Plaintiff of "playing on his phone" when that did not occur.

26. On another occasion, the Plaintiff was chastised by the Defendant for purportedly not timely reporting his sick absence for work; yet, the Plaintiff followed the same protocol on that occasion that he had followed for more than 20 years for reporting sick-related absences, but this was the first occasion that he was disciplined by the Defendant for following this protocol. The Plaintiff was written up and suspended for purportedly committing this minor infraction.

27. During his first week back from suspension, the Plaintiff was terminated from the Defendant for alleged insubordination.

28. In so terminating the Plaintiff, the Defendant modified its approach to enforcing workplace rules and performance standards to create a fabricated basis to issue the Plaintiff disciplinary action and terminate his employment.

29. Defendant's reason for the Plaintiff's termination is pretextual and not supported by the facts.

30. The Plaintiff has retained the undersigned attorney to represent him in this action and is obligated to pay him attorneys a reasonable fee for their services.

## COUNT I
## FMLA RETALIATION

31. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 30 as if fully set forth herein.

32. During the relevant time period, the Plaintiff suffered from a "serious medical condition" within the meaning of the FMLA.

33. The Defendant retaliated against the Plaintiff for exercising his right to take protected medical leave under the FMLA by issuing him disciplinary action and terminating his employment for taking such leave.

34. At all times relevant hereto, the Defendant acted with the intent to retaliate against the Plaintiff because he exercised his rights under the FMLA.

35. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against the Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

36. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, MARK BARBER, demands judgment against Defendant, KRAFT HEINZ FOODS COMPANY (LLC), for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## VIOLATION OF FCRA (HANDICAP DISCRIMINATION)

37. The Plaintiff reasserts the general allegations as set forth above in paragraphs 1- 30 and incorporates the same herein by this reference.

38. The Plaintiff has suffered from a handicap in that he experienced one or more medical conditions involving an ankle injury, which substantially limited one or more of his major life activities.

39. The Defendant was aware that the Plaintiff suffered from a handicap.

40. The Defendant violated the FCRA by, in part, terminating his employment because of his handicap.

41. As a result of Defendant's violations of the FCRA, the Plaintiff has suffered damages including lost wages, benefits and other compensation, and interest thereon.

42. The Plaintiff is entitled to recover punitive damages, attorneys' fees, and costs pursuant to Section 760.11(5), Florida Statutes.

WHEREFORE, Plaintiff, MARK BARBER, prays that this Court will:

a. Issue a declaratory judgment that Defendant's practices toward Plaintiff violated his rights under the FCRA;

b. Enjoin the Defendant and its managerial employees from continuing or maintaining the policy, practice or custom of denying, abridging, withholding or conditioning the right of employees on the basis of their handicap in violation of the FCRA;

c. Order Defendant to remedy the handicap discrimination of Plaintiff by:

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web:  gallup-law.com

      i. Paying appropriate back pay;
      ii. Paying prejudgment interest;
      iii. Paying front pay in lieu of reinstatement;
      iv. Paying for lost benefits;
      v. Providing any other relief that is appropriate.

d. Enter a judgment against Defendant for compensatory damages;

e. Enter a judgment against Defendant for punitive damages; and

f. Grant Plaintiff costs and a reasonable award of attorneys' fees pursuant to the FCRA.

## COUNT III
## VIOLATION OF THE FCRA (PERCEIVED HANDICAP DISCRIMINATION)

43. The Plaintiff reasserts the general allegations as set forth above in paragraphs 1-30 and incorporates the same herein by this reference.

44. The Defendant violated the FCRA by discriminating against the Plaintiff based on its perception that the Plaintiff was handicapped based on the ankle injury he sustained at the Defendant's workplace.

45. The Defendant violated the FCRA by, in part, terminating his employment because of his handicap.

46. As a result of Defendant's violations of the FCRA, the Plaintiff has suffered damages including lost wages, benefits, and other compensation and interest thereon.

47. The Plaintiff is entitled to recover punitive damages, attorneys' fees, and court costs pursuant to Section 760.11(5), Florida Statutes.

WHEREFORE, Plaintiff, MARK BARBER, prays that this Court will:

a. Issue a declaratory judgment that Defendant's practices toward Plaintiff violated his rights under the FCRA;

7

b. Enjoin the Defendant and its management employees from continuing or maintaining the policy, practice or custom of denying, abridging, withholding, or conditioning the right of employees on the basis of their handicap in violation of the FCRA;

c. Order Defendant to remedy the handicap discrimination of Plaintiff by:

   i. Paying appropriate back pay;
   ii. Paying prejudgment interest;
   iii. Paying front pay in lieu of reinstatement;
   iv. Paying for lost benefits;
   v. Providing any other relief that is appropriate.

d. Enter a judgment against Defendant for compensatory damages;

e. Enter a judgment against Defendant for punitive damages; and

f. Grant Plaintiff costs and a reasonable award of attorneys' fees pursuant to the FCRA.

## COUNT IV
## VIOLATION OF THE ADA (DISABILITY DISCRIMINATION)

48. The Plaintiff reasserts the general allegations as set forth above in paragraphs 1-30 and incorporates the same herein by this reference.

49. During the relevant time period, the Plaintiff was a disabled person by virtue of suffering from a medical condition involving an ankle injury sustained at the Defendant's workplace, which substantially limited one or more of his major life activities.

50. The Defendant violated the ADA by, in part, terminating his employment because of his disability.

51. As a result of Defendant's violations of the ADA, the Plaintiff has been damaged.

WHEREFORE, Plaintiff, MARK BARBER, prays that this Court will:

a. Order Defendant to remedy the disability discrimination of Plaintiff by:

   i. Paying appropriate back pay;

   ii. Paying prejudgment and post-judgment interest;

      iii. Paying front pay in lieu of reinstatement;

      iv. Paying for lost benefits including medical insurance, pension and retirement plan;

      v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. § 12205.

## COUNT V
## VIOLATION OF THE ADA (PERCEIVED DISABILITY DISCRIMINATION)

52. The Plaintiff reasserts the general allegations as set forth above in paragraphs 1-30 and incorporates the same herein by this reference.

53. The Defendant violated the ADA by discriminating against Plaintiff based on its perception that the Plaintiff was disabled based on his medical condition involving an ankle injury he sustained at the Defendant's workplace.

54. The Defendant violated the ADA by, in part, terminating his employment because of his disability.

55. As a result of Defendant's violations of the ADA, the Plaintiff has suffered damages including lost wages, benefits and other compensation, and interest thereon.

WHEREFORE, Plaintiff, MARK BARBER, prays that this Court will:

a. Order Defendant to remedy the disability discrimination of Plaintiff by:

      i. Paying appropriate back pay;

      ii. Paying prejudgment and post-judgment interest;

      iii. Paying front pay in lieu of reinstatement;

      iv. Paying for lost benefits including medical insurance, pension and retirement plan;

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web:  gallup-law.com

    v.   Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. § 12205.

## COUNT VI
## WORKERS COMPENSATION RETALIATION

56. This is an action for retaliation under Fla. Stat., § 440.205.

57. The Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 30 as if fully set forth herein.

58. The acts alleged above constitute violations of Fla. Stat. § 440.205 which states:

> No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Worker's Compensation law.

59. The Plaintiff filed a valid workers' compensation claim against the Defendant and received benefits.

60. Shortly thereafter, the Defendant took retaliatory adverse action against the Plaintiff by, in part, terminating his employment because of this workers' compensation claim in violation of Fla. Stat. § 440.205.

61. A causal link exists between the Plaintiff's protected conduct of claiming worker's compensation benefits and the adverse employment action taken by the Defendant in terminating his employment.

62. As a result of the Defendant's retaliatory actions, the Plaintiff suffered damages.

63. Plaintiff reserves the right to seek punitive damages to the extent recoverable.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

WHEREFORE, Plaintiff, MARK BARBER, demands relief against Defendant in the form of economic damages, and the value of any lost benefits, with interest thereon; non-pecuniary compensatory damages, including, but not limited to, damages for mental anguish, costs and any other such relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, MARK BARBER, demands trial by jury for all issues so triable by right of jury under state or federal law.

                                                Respectfully submitted,

                                                **GALLUP AUERBACH**
                                                *Counsel for Plaintiff*
                                                4000 Hollywood Boulevard
                                                Presidential Circle-Suite 265 South
                                                Hollywood, Florida 33021
                                                Telephone:     (954) 894-303
                                                E-mail: jauerach@gallup-law.com

                                                By:     */s/ Jacob Auerbach*
                                                              JACOB AUERBACH
                                                              Florida Bar No.: 084003
                                                              DEBRA AUERBACH
                                                              Florida Bar No.: 84618